**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MONTVALE SURGICAL CENTER, LLC, a/s/o GERALD TYSKA, Plaintiff, v. COVENTRY HEALTH CARE, AMICA MUTUAL INSURANCE COMPANY and ABC CORP. (1-10), Defendants | : : : : : : : : : : : : | Civil Action No. 2:12-cv-06916-JLL-MAH |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Robert E. Kelly
**Law Offices of**
**Robert E. Kelly, LLC**
Two Logan Square
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
215.988.2736
rkelly@robertekelly.com

*Attorneys for Defendant*
*Coventry Health Care, Inc.*

Nicole Wixted
**Drinker Biddle & Reath LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
(215) 988-2700
nicole.wixted@dbr.com

*Attorneys for Defendant*
*Amica Mutual Insurance Company*

## INTRODUCTION

At issue in this case is payment for a series of experimental medical procedures, known as spinal manipulation under anesthesia or "MUA," performed on Gerald Tyska by Plaintiff Montvale Surgical Center, LLC ("Plaintiff" or "Montvale") in March 2009.  [Compl. ¶¶ 12-14.] Montvale alleges that Mr. Tyska was entitled to health insurance coverage for the procedures under a plan administered and operated by Defendants Coventry Health Care, Inc., incorrectly identified as "Coventry Health Care" ("Coventry") and Amica Mutual Insurance Company ("Amica") (collectively, "Defendants").[1]  [Compl. ¶ 21.]  Montvale alleges that, pursuant to Mr. Tyska's assignment, it is entitled to receive payment for the MUA procedures directly from Defendants and that the alleged assignment confers beneficiary status upon Montvale under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). [Compl. ¶¶ 25-27].  Plaintiff further alleges that its claims for reimbursement for the MUA procedures were arbitrarily and capriciously denied by Defendants, thus leading to this action. [Compl. ¶¶ 28-30.] Montvale raises four claims in its Complaint (the "Complaint"):  two counts for violations of ERISA and two counts for breach of contract.[2]

By this Motion, Defendants move to dismiss the Complaint in its entirety because Plaintiff has not sufficiently pleaded that Defendants' alleged benefit determination violated ERISA.  Montvale's claim that MUA procedures are not experimental and investigation, but are instead medically necessary, is based solely on the premise that "there exist AMA-CPT codes that indicate that MUA treatment is not investigational or experimental, as well as nationally

---

[1] Notably, Montvale does not attempt to differentiate these two Defendants, instead attributing all actions generally to either "Coventry/Amica" or "Defendant Coventry/Amica."  *See, e.g.,* Compl. ¶¶ 8-10, 12-16.  Thus, to the extent Montvale's complaint is not dismissed on substantive grounds, Coventry and Amica request that the Court order Montvale to replead its complaint to assert its claims without generalized reference to "Defendants," so that each individual defendant can fairly respond to the allegations made.

[2] Montvale also alleges a "John Doe" claim against Defendants ABC Corp. 1 through 10.  Such claim does not purport to implicate either Coventry or Amica.

accepted criteria for practicing MUA in selected patients." [Compl. ¶ 15.] However, the Third Circuit recently rejected this exact argument in *Advanced Rehab. LLC v. UnitedHealth Group. Inc.*, a case in which out-of-network providers sought to bring a class action against health insurers for denying reimbursement for MUA procedures. The Third Circuit affirmed the District Court's dismissal of plaintiffs' complaint with prejudice because "a mere CPT code is not enough to establish a plausible entitlement to relief." Additionally, because ERISA completely and expressly preempts state law claims for breach of contract, the remainder of Plaintiff's claims should likewise be dismissed.

## STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Nevertheless, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## LEGAL ARGUMENTS

1. **The mere existence of a CPT code does not give rise to a plausible claim for relief.**

In its complaint, Montvale relies on vague assertions that the services at issue were neither experimental nor investigational. Montvale refers only to the fact that there exist codes

for the procedure in the American Medical Association's book of Current Procedural Terminology ("CPT") to support its claims, making no allegations that the MUA procedures were beneficial to this particular patient, let alone medically necessary to meet his needs:

> … Coventry/Amica denied payment of the bills because it considered the MUA treatment administered to Tyska to be experimental and investigational, as well as not the national standard of care for the diagnosis given. However, there exist AMA-CPT codes that indicate that MUA is not investigational or experimental, as well as nationally accepted criteria for practicing MUA on selected patients.

[Compl. ¶ 15.]  Such allegations are woefully insufficient *as a matter of law* and do not state a plausible claim for relief.

Both the District of New Jersey and the Third Circuit recently addressed this very issue in *Advanced Rehabilitation, LLC v. UnitedHealth Group, Inc.*, which involved the same basic facts as are before the Court in this case.  In *Advanced Rehab*, four chiropractors filed a putative class action lawsuit against health plan administrators alleging ERISA and state law claims related to defendants' refusal to reimburse plaintiffs for MUA procedures.  *Advanced Rehabilitation, LLC v. UnitedHealth Group, Inc.*, No. 10-cv-00263, 2011 WL 995960 (D.N.J. Mar. 17, 2011).  As in this case, plaintiffs' complaint relied on the fact that the MUA procedure was included in the CPT to support its claims.  *Id*.  Judge Cavanaugh dismissed plaintiffs' complaint in its entirety, holding that plaintiffs' reliance on the CPT codes "to prove that, objectively, the MUA procedure is medically necessary and not experimental or investigative is not availing, and is refuted by the language of the CPT code book itself," which specifically stated that inclusion of a procedure "does not imply any health insurance coverage or reimbursement policy."  *Id.* at *3.  Moreover, the district court concluded:

> [T]he fact that a procedure may be medically necessary and be assigned a CPT code for one condition shows nothing about its necessity or appropriateness for another.  There is no logical

> inference consistent with the standards for dismissal under Fed.R.Civ.P. 12(b)(6) that the Court can make based on the mere existence of CPT codes for MUA. Without that missing link, the Court cannot find that Defendants violated their authority under either state law or ERISA, and thus there is no basis on which the Court could grant relief.

*Id.*

On appeal, the Third Circuit affirmed Judge Cavanaugh's decision, holding that the complaint failed to state a plausible claim for relief. *See Advanced Rehabilitation, LLC v. UnitedHealth Group, Inc.*, No. 11-4269, 2012 WL 4354782 (3d Cir. Sept. 25, 2012). The court held that plaintiffs did not make "specific factual allegations from which we can infer that MUA procedures were covered." *Id.* at *3. The court noted that "[d]espite the fact that a 'medical necessity' determination requires an individualized assessment based on the specific needs of a patient, Plaintiffs have alleged no facts to demonstrate that MUA procedures were 'medically necessary' for the particular patients who received them." *Id*. Furthermore, plaintiffs had "not even alleged that MUA procedures were beneficial to their patients, let alone necessary to meet their needs."

Montvale's claims in this case are nearly identical to those asserted in *Advanced Rehab*. Montvale alleges no facts suggesting that MUA treatment was the most appropriate level of service that could safely be supplied in the given circumstances. A mere CPT code is not enough to establish a plausible entitlement to relief. And even if a CPT code from just one organization were enough to suggest that MUA treatment is consistent with national standards, Montvale has not demonstrated that such treatment plausibly would be considered safe and effective for treating the individual patient in this case. Without such an individualized assessment, the complaint is fatally flawed.

2.     **ERISA completely and expressly preempts Montvale's state law claims.**

Montvale's state law breach of contract claims arising from the alleged denial of benefits fail as a matter of law because they are preempted by ERISA.  ERISA contains two statutory provisions which preempt state law causes of action.  The first of ERISA's two preemption provisions, Section 502(a) of ERISA, 29 U.S.C. §1132(a), sets forth a comprehensive civil enforcement scheme that forecloses state law claims that seek to supplement or supplant its remedies.  Any claim that falls within the scope of Section 502(a) is completely preempted. *Pryzbowski v. U.S. Healthcare*, 245 F.3d 266,271-72 (3d Cir. 2001).  Furthermore, in order to maintain the integrity of its exclusive regulatory scheme, ERISA also contains an express preemption clause.  Section 514(a) of ERISA, 29 U.S.C. §1144(a), preempts "any and all state laws" that "relate to any employee benefit plan."   Although not without limits, the Supreme Court has repeatedly found that the express preemption provisions of Section 514(a) of ERISA are deliberately expansive.  *Pilot Life Ins. Co. v. Deadeaux*, 481 U.S. 41, 46 (1987). "[ERISA's] pre-emption clause is conspicuous for its breadth.  It establishes an area of federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990).

a.     **Section 502(a) of ERISA Completely Preempts Montvale's State Law Claims**

Section 502(a) of ERISA completely preempts Montvale's state law claims against Defendants because it improperly seeks to duplicate and supplement the exclusive remedies available under ERISA.  Under Section 502(a), "any state law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna*

*Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).  For this reason, any claim that "challenges the administration of or eligibility for benefits is completely preempted and must be dismissed." *Pryzbowski*, 425 F.3d at 273.

In this case, Montvale's state law claims for breach of contract are based on the allegation that Defendants failed to pay benefits for MUA procedures rendered to Mr. Tyska.  Because these state law claims seek to recover benefits allegedly due enter the ERISA-governed employee health benefit plan, they are completely preempted. *Davila*, 542 U.S. at 209.

      **b.**      **Section 514(a) of ERISA Expressly Preempts Montvale's State Law Claims**

Section 514(a) of ERISA, 29 U.S.C. §1144(a), expressly preempts any state law that relates to an employee benefit plan.  One primary purpose of this provision is to eliminate the risk of conflicting and inconsistent state regulation of employee benefit plans.  *Metz v. United Counties Bancorp.*, 61 F.Supp.2d 364, 381(D.N.J. 1999). For this reason, courts have repeatedly held that Section 514(a) preempts state law claims that an insurer misrepresented the amount or availability of benefits under an employee benefit plan.  *See id.* at 381; *Kelso v. General American Life Ins. Co.*, 967 F.2d 388, 390-91 (l0th Cir. 1992).    Because Montvale's claims are based on the alleged denial of payment of benefits under the plan, they indisputably involve the administration of benefits and relate to the Plan.   Indeed, Montvale's claims pose the precise risk of inconsistent state regulation that Section 514(a) is designed to prevent.   If claims like those pleaded by Montvale are allowed to stand, a provider could bring a state court action for damages any time a benefit plan denied coverage or reduced benefits because the services were not otherwise covered under the terms of a plan.

## **CONCLUSION**

For the reasons stated above, the claims in plaintiff's complaint are preempted and should be dismissed. Accordingly, the defendant's motion to dismiss should be granted.

|  |  |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| *s/ Robert E. Kelly* | *s/ Nicole Wixted* |
| Robert E. Kelly | Nicole Wixted |
| Law Offices of Robert E. Kelly, LLC | Drinker Biddle & Reath LLP |
| Two Logan Square | One Logan Square, Suite 2000 |
| 100 N. 18th Street, Suite 300 | Philadelphia, PA 19103-6996 |
| Philadelphia, PA 19103 | (215) 988-2700 |
| 215.988.2736 | nicole.wixted@dbr.com |
| rkelly@robertekelly.com | |
| | *Attorneys for Defendant* |
| *Attorneys for Defendant* | *Amica Mutual Insurance* |
| *Coventry Health Care, Inc.* | *Company* |

Dated: February 15, 2013

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant Coventry Health Care, Inc. hereby certifies that on this date, I electronically filed the foregoing by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Robert E. Kelly*
Robert E. Kelly

Dated: February 15, 2013