<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC, a/s/o GERALD TYSKA<br><br>Plaintiff,<br><br>v.<br><br>COVENTRY HEALTH CARE, AMICA MUTUAL INSURANCE COMPANY, AND ABC CORP (1-10),<br><br>Defendants. | Civil Action No. 12-6916<br><br>OPINION |

This matter comes before the Court by way of Defendants Coventry Health Care, Inc. ("Coventry") and Amica Mutual Insurance Company's ("Amica") (collectively, "Defendants") Joint Motion to Dismiss Plaintiff Montvale Surgical Center, LLC's ("Plaintiff" or Montvale") Complaint. CM/ECF No. 11. The Court has considered the submissions made in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion is granted.

I.     BACKGROUND[1]

Plaintiff is an outpatient ambulatory surgery center where minimally invasive pain management and podiatry procedures are performed. Compl. at ¶ 1. In March 2009, New Jersey resident Gerald Tyska ("Tyska") underwent what Plaintiff describes as "medically necessary"

---

[1] For purposes of the current motion, the Court accepts as true each of the facts set forth in Plaintiff's complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

spinal manipulation under anesthesia ("MUA") procedures at Plaintiff's facility. Compl. at ¶¶ 9, 12-14. Plaintiff explains that Tyska subscribes to a fully-funded group health insurance plan maintained by Coventry, and presumably Amica,[2] and assigned Plaintiff his contractual rights under these plans. Compl. at ¶¶ 2, 7.

Tyska underwent a total of three MUA procedures and Plaintiff submitted requests for reimbursement to Defendants for each of these procedures. Compl. at ¶¶ 12-14. Defendants denied each of these requests after allegedly finding the "MUA treatment administered to Tyska to be experimental and investigational, as well as not the national standard of care for the diagnosis given." Compl. at ¶¶ 12-15. Plaintiff appealed this decision and alleges that Defendants failed to provide a "timely" and "appropriate response to the appeal." Compl. at ¶ 15.

On October 4, 2012, Plaintiff filed the present action against Defendants in the Superior Court of New Jersey, Bergen County: Law Division. CM/ECF No. 1. Plaintiff's Complaint consisted of Five Counts—two counts alleging that Defendants violated ERISA, two counts alleging that Defendants breached a contract with Plaintiff, and one count[3] against fictitious corporate defendants. Compl. at ¶¶ 20, 38-39, 42, 46. This action was subsequently removed to this Court, and Defendants filed the present Motion to Dismiss on February 15, 2013. CM/ECF No. 11.

---

[2] Plaintiff states that Tyska is a "subscriber to a fully funded plan of group health insurance maintained by Defendant Coventry Health Care" but does not explain Tyska's relationship with Amica. Compl. at ¶ 2. To the extent Plaintiff wishes to file an amended complaint, Plaintiff is instructed to clearly identify Tyska's relationship with each defendant.

[3] Plaintiff argues that these fictitious corporate defendants were "responsible for payments of Plaintiff's reasonable and customary fees." Compl. at ¶ 49. Plaintiff does not identify any allegedly wrongful conduct nor does Plaintiff set forth "sufficient factual matter" to "state a claim for relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Accordingly, Count Five cannot survive Defendants' Motion to Dismiss. See id.

## II. LEGAL STANDARDS

### A. Motions to Dismiss

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips*, 515 F.3d at 231 (citing *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will only survive a motion to dismiss if it contains "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Standard of Review Under ERISA

An ERISA benefits denial is reviewed using a de novo standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the administrator is vested with discretionary authority, "a deferential standard of review [is] appropriate;" and a reviewing court is limited to determining whether the administrator abused its discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111

3

(2008) (quoting *Firestone*, 489 U.S. at 115). However, where there is evidence of conflict or bias by the administrator, such evidence may play an important role in determining whether the administrator abused its discretion. *Metro. Life Ins. Co.*, 554 U.S. at 111. In the Third Circuit, "[u]nder the arbitrary and capricious (or abuse of discretion) standard of review, the district court may overturn a decision of the Plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993 (internal quotations omitted). If the plan language is plain, then "actions taken by the plan administrator inconsistent with [those] terms . . . are arbitrary." *Bill Gray Enters. v. Gourley*, 248 F.3d 206, 218 (3d Cir. 2001).

### III.   ANALYSIS

#### A.   Counts One and Two – ERISA

In Counts One and Two of Plaintiff's Complaint, Plaintiff claims that Defendants[4] arbitrarily and capriciously denied Tyska's claim for reimbursement in violation of ERISA. Compl. at ¶¶ 29, 38-39. Specifically, in Count One, Plaintiff alleges that the "denial of Tyska's claims is unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is a violation of ERISA." Compl. at ¶ 29. In Count Two, Plaintiff alleges that Defendants' "determinations of all claims without any (or even substantial) explanation were arbitrary and capricious" and a violation of Defendants' "fiduciary duty" under ERISA. *See* Compl. at ¶¶ 38-39. Defendants move to dismiss both of these counts arguing that

---

[4] In Defendant's Joint motion to Dismiss, Defendants argue that "Montvale does not attempt to differentiate these two Defendants." Defs. Br. at 2. The Court agrees. In Counts One and Two, Plaintiff attributes "all actions generally to either 'Coventry/Amica' or 'Defendant Coventry/Amica.'" *See* Defs. Br. at 2; *see also* Compl. at ¶¶ 21-28, 34-39. To the extent Plaintiff chooses to file an Amended Complaint, it is hereby instructed to differentiate between each individual defendant so that "each individual defendant can fairly respond to the allegations made." *See* Defs. Br. at 2.

"Plaintiff has not sufficiently pleaded that Defendants' alleged benefit determination violated ERISA." Defs. Br. at 2. The Court agrees.

Plaintiff does not dispute the essential terms of Tyska's benefits plan[5]—Defendants have fiduciary discretion to determine whether an "administered treatment is medically necessary" and to deny benefits for investigative or experimental procedures. *See* Compl. at ¶¶ 15, 22. Instead, Plaintiff argues that Tyska's MUA procedures were clearly covered under the terms of this plan and that Defendants abused their discretion in denying coverage. *See* Compl. at ¶¶ 15-16. In support of these allegations, Plaintiff asserts that, 1) there "exist AMA-CPT codes that indicate that MUA is not investigational or experimental, as well as nationally accepted criteria for practicing MUA on selected patients," and 2) Tyska's MUA procedures were "medically necessary." *See* Compl. at ¶¶ 9, 15. However, neither statement, alone or in concert, contains "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

First, in *Advanced Rehabilitation*, the Court considered a nearly identical argument that a denial of reimbursement for an MUA procedure was improper in light of AMA-CPT codes and found such an argument insufficient to withstand a motion to dismiss.[6] *See Advanced Rehabilitation v. UnitedHealth Group*, No. 10-00263, 2011 U.S. Dist. LEXIS 27710, *7 (D.N.J. Mar. 17, 2011) ("*Advanced Rehabilitation*"). In granting that motion to dismiss, the Court relied

---

[5] Plaintiff argues that Defendants "should be required to produce their Plan, the medical documentation upon which they rely and denials of reimbursement with the basis for the same." Pl. Br. at 8. However, even assuming that the Court was permitted to request such documentation, it is not necessary in this case. Plaintiff does not dispute the essential terms of the insurance contract, and, as discussed, the Court accepts as true Plaintiff's assertion that Defendants systematically denied reimbursement claims for MUA procedures. *See generally* Compl. at ¶¶ 15, 38.

[6] Plaintiff relies on the existence of these "AMA-CPT" codes to argue that the "medical community, including the American Medical Association, determined that the MUA procedures are accepted and non-experimental." *See* Pl. Br. at 2 (citing Compl. at ¶ 15).

5

on the explicit language of the CPT book that:

> Inclusion in the CPT codebook does not represent endorsement by the American Medical Association (AMA) of any particular diagnostic or therapeutic procedure. Inclusion or exclusion of a procedure does not imply any health insurance coverage or reimbursement policy.

*Id.* In light of this language, the Court held that the "CPT codes on which Plaintiffs rely to prove that, objectively, the MUA procedure is medically necessary and not experimental or investigative is not availing, and is refuted by the language of the CPT code book itself[.]" *Id.* at 9. Here, Plaintiff does not present a single persuasive argument why the Court should depart from this holding.[7]

Second, in its opinion affirming *Advanced Rehabilitation*, the Third Circuit addressed the sufficiency of Plaintiff's second argument. *See Advanced Rehabilitation v. UnitedHealthcare*, No. 11-4269, 2012 U.S. App. LEXIS 20050, fn. 3 (3d Cir. Sept. 25, 2012). In so doing, the Third Circuit concluded that, "even if [those] Plaintiffs had asserted that MUA procedures were 'medically necessary,' that would have been insufficient because, whether express or implied, conclusory allegations without more cannot unlock the doors of discovery." *Id.* (quotations omitted). The Third Circuit's opinion is unpublished and not precedential, but the Court finds the Third Circuit's analysis persuasive. There, like here, Plaintiff's assertion that the MUA procedures were "medically necessary" was conclusory and not supported by any evidence in the pleadings. *See Advanced Rehabilitation*, 2012 U.S. App. LEXIS 20050 at fn. 3 (quotations and citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429 (stating that courts are not required to credit bald assertions or legal conclusions). Accordingly, neither

---

[7] Plaintiff argues that this case is distinguishable from *Advanced Medicine* because "Plaintiff has not been afforded any opportunity to review the Coventry/Amica plan or the administrative record in this case." Pl. Br. at 7. Plaintiff cannot, however, point to one important distinction between this case and *Advanced Medicine*, and, as discussed above, there is no reason for the production of documents at this stage. *See* Pl. Br. at 6-8.

6

of Plaintiff's assertions is sufficient for its Complaint to withstand a motion to dismiss. *See id.*

In Plaintiff's Opposition, Plaintiff now also alleges that Defendants had "preordained that [they would] deny coverage for" MUA procedures. Pl. Br. at 2. This argument is noticeably absent from the Complaint; however, even if it were included, Plaintiff's Complaint would still fail. *See generally* Compl. at ¶¶ 8-32. The Court addressed a similar argument in *Advanced Rehabilitation* and held that, accepting as true plaintiff's "allegations that denial of coverage for MUA procedures is systemic," plaintiff still had not met its "threshold showing that [d]efendants acted outside the scope of decision making that they were, by the terms of the plans, entitled to, or that their determinations were arbitrary or capricious." *See Advanced Rehabilitation*, 2011 U.S. Dist. LEXIS 27710 at *8. Here, Plaintiff again fails to present a persuasive argument why the Court should depart from this opinion.[8] Accordingly, Defendants' Joint Motion to Dismiss Counts One and Two of the Complaint is granted. Counts One and Two of the Complaint are dismissed without prejudice.

### B. Counts Three and Four – Breach of Contract

In Counts Three and Four, Plaintiff claims that Coventry and Amica breached their contracts with Plaintiff. *See* Compl. at ¶¶ 42, 46. Specifically, Plaintiff argues that Defendants breached a contract by "failing to pay the reasonable and customary rate for services rendered under the terms of the policy and by failing to properly respond to the appeal." *See* Compl. at ¶¶ 42, 46. Defendants move to dismiss each of these counts arguing that Plaintiff's "state law breach of contract claims arising from the alleged denial of benefits fail as a matter of law because they are preempted by ERISA." Defs. Br. at 6. In Plaintiff's Opposition, Plaintiff does

---

[8] Plaintiff relies on a footnote in *Devito v. Aetna* in support of its argument. *See* Pl. Br. at 7 (citing *Devito v. Aetna*, 536 F. Supp. 2d 523, 532, n. 7 (D.N.J. 2008)). However, the facts of the present action are more in line with those in the Court's more recent holding in *Advanced Rehabilitation*. *See Advanced Rehabilitation*, 2011 U.S. Dist. LEXIS 27710 at *8.

7

not respond to Defendants' preemption arguments or provide any other arguments in effort to save its breach of contract claims. *See generally* Pl. Br. at 2-9.

Even if Plaintiff had attempted to rebut this argument, its endeavors would fail. Section 514(a) of ERISA, 29 U.S.C. § 1144(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a)." 29 U.S.C. § 1144(a). This preemption clause is not limited to "state laws specifically designed to affect employee benefit plans" but also encompasses "common law causes of action" related to said plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (quotations and citations omitted). Here, Counts Three and Four assert claims for breach of Tyska's employee benefits plan and are therefore preempted. *See* Compl. at ¶¶ 42, 46; *see also Pilot Life Ins.*, 481 U.S. at 47-48. Accordingly, Counts Three and Four are dismissed with prejudice.[9] *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (stating that a complaint will only survive a motion to dismiss if it contains "sufficient factual matter" to "state a claim to relief that is plausible on its face.").

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed in its entirety. An appropriate Order accompanies this Opinion.

DATED: March /8 2013

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[9] In light of this finding, the Court need not address Defendants' argument that "Section 502(a) of ERISA completely preempts Montvale's state law claims against Defendants because it improperly seeks to duplicate and supplement the exclusive remedies available under ERISA."

8